IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA LEISURE, | : | |
| Plaintiff, | : | Case No. 2:05-cv-1123 |
| v. | : | Judge Holschuh |
| FRANKLIN COUNTY COURT OF COMMON PLEAS, et al., | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

*Pro se* plaintiff Linda Leisure filed suit against the Franklin County Court of Common Pleas, the Franklin County Municipal Court, numerous Franklin County judges and attorneys, the Franklin County Prosecutor, and State Auditor Betty Montgomery, generally alleging that they are involved in an ongoing civil conspiracy to silence her and anyone else who attempts to expose corruption within the Franklin County criminal justice system.  This case was recently reassigned to the undersigned judge.  There are numerous pending motions.

**I.  Plaintiff's Amended Complaint**

Plaintiff filed her original complaint on December 14, 2005 and, with leave of Court, filed an Amended Complaint on February 21, 2006.  The Amended Complaint names several defendants, including the Franklin County Court of Common Pleas, Judge Dale Crawford, Judge Richard Frye, Judge Guy Reece, Judge Tommy Thompson, Judge Daniel Hogan, Magistrate Angela Phelps-White, and Franklin County Prosecutor Ron O'Brien (the "Franklin County Defendants").  Plaintiff also sued the Franklin County Municipal Court, Judge Julia Dorrian, and Judge Michael Brandt (the "Franklin County Municipal Court Defendants"), Auditor of State

Betty Montgomery, and attorneys Thomas Tyack, James Tyack, and Michael Miller. Defendants are sued in their individual and official capacities.

Plaintiff alleges that all Defendants have abused their power, and conspired to violate her constitutional rights in retaliation for her attempts to expose corruption in the Franklin County criminal justice system. She appears to argue that this is part of a pattern and practice of silencing all citizens who attempt to expose such corruption. In addition, Plaintiff alleges that she is being persecuted by gang members, former clients of attorneys Thomas and James Tyack. She claims that the gang members, who are agents of Defendants, use minor children to further their criminal activities.[1]

While the statutory basis for Plaintiff's claims is not exactly clear, Plaintiff's Amended Complaint refers to the Racketeer Influenced and Corrupt Organizations Act (RICO"), 18 U.S.C. § 1961 *et seq.,* and 18 U.S.C. §§ 1983-1986.[2] Plaintiff seeks $900,000 from each Defendant and an additional $10 million from the Franklin County Municipal Court "for being a corrupt enterprise in the 'ongoing' criminal scheme." (Amd. Compl. at 6).

## II.     Motions to Dismiss Original Complaint

The filing of the Amended Complaint rendered moot the following motions: (1) Judge Julia Dorrian's motion to dismiss the original complaint (Record at 6); (2) Thomas Tyack's and James Tyack's motion to dismiss the original complaint, and motion for a non-oral hearing on that motion (Record at 12 and 42); (3) Franklin County Court of Common Pleas Defendants'

---

[1] According to attorneys Thomas and James Tyack, Plaintiff's federal suit is an attempt to prevent completion of a state court action in which his clients sought a protective order based on allegations that Plaintiff was stalking them. (Tyack's Mot. to Dismiss at 2).

[2] The Court presumes that Plaintiff meant to cite to 42 U.S.C. §§ 1983-1986.

motion to dismiss the original complaint (Record at 33); and (4) Plaintiff's "second motion to amend complaint" (Record at 38). These five motions are **DENIED AS MOOT**.

### III. Motions to Dismiss Amended Complaint

Also currently pending are five separate motions to dismiss Plaintiff's Amended Complaint: (1) Franklin County Municipal Court Defendants' motion to dismiss (Record at 54); (2) Franklin County Court of Common Pleas Defendants' motion to dismiss (Record at 55); (3) Michael Miller's motion to dismiss (Record at 57); (4) Auditor of State Betty Montgomery's motion to dismiss (Record at 58); and (5) Thomas Tyack's and James Tyack's motion to dismiss (Record at 61).

Defendants all argue that because Plaintiff has failed to state a claim upon which relief can be granted, dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that Plaintiff's allegations of civil conspiracy are not specific enough to satisfy the strict pleading requirements for such claims, and that Plaintiff has failed to plead any illegal predicate acts as required to support her allegations of a RICO conspiracy. In addition, the two courts argue that they are not entities capable of being sued, the judges argue that they are entitled to absolute judicial immunity, Prosecutor Ron O'Brien argues that he is entitled to absolute prosecutorial immunity, and Auditor Betty Montgomery argues that Plaintiff's claims against her are barred by the Eleventh Amendment and the doctrine of qualified immunity. Plaintiff has not filed memoranda in opposition to any of these motions within the time allotted by the local rules. These motions to dismiss therefore stand unopposed.

### A. Standard for Granting Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be

3

dismissed if it fails to state a claim upon which relief can be granted. The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974); Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997).

When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Yushasz v. Brush Wellman, Inc., 341 F.3d 559, 562 (6th Cir. 2003). Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on

4

whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., -- U.S. -- , 125 S. Ct. 1497, 1510 (2005) (citing Scheuer, 416 U.S. at 236).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley, 355 U.S. at 47; Lewis, 135 F.3d at 405. However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(emphasis original). Bare assertions of legal conclusions are insufficient. See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

Complaints filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, *pro se* litigants must comply with all procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993)("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

5

B.  Discussion

1.  Sufficiency of Allegations of Conspiracy

Plaintiff's Amended Complaint does not clearly identify any causes of action. Defendants have generally characterized Plaintiff's claims as civil conspiracy claims, and Plaintiff has not objected to this characterization.  To the extent Plaintiff alleges that Defendants have conspired to "destroy" her constitutional rights, the conspiracy claim might be construed to have been brought under 42 U.S.C. § 1985.  Plaintiff also appears to allege that Defendants are engaged in an ongoing RICO conspiracy designed to protect murderers and target whistleblowers for retaliation.  Regardless of whether Plaintiff's civil conspiracy claims are construed as § 1985 claims or as RICO claims, the allegations contained in the Amended Complaint are insufficient to withstand Defendants' motions to dismiss.

a.  42 U.S.C. § 1985

Plaintiff has generally alleged that Defendants conspired to violate her constitutional rights, but fails to identify which constitutional rights are at issue.  Section 1985 of Title 42 of the United States Code prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights, and conspiracies to deprive persons of their equal protection rights.  See 42 U.S.C. §§ 1985(2) and (3).  However, in order to recover under either of these subsections, a plaintiff must also allege and prove that the conspiracy was motivated by some class-based discriminatory animus.  See Radvansky v. City of Olmstead Falls, 395 F.3d 291, 314 (6th Cir. 2005); Fox v. Michigan State Police Dep't, No. 04-2078, 2006 WL 456008, at *3 (6th Cir. Feb. 24, 2006).  Plaintiff's Amended Complaint is devoid of any such allegations.  While Plaintiff alleges that Defendants conspired against her because she is a

6

"whistleblower," courts have refused to recognize "whistleblowers" as a protected class under § 1985. See Garrie v. James L. Gray, Inc., 912 F.2d 808, 813 n.13 (5th Cir. 1990), cert. denied, 499 U.S. 907 (1991); Buschi v. Kirven, 775 F.2d 1240, 1258-59 (4th Cir.1985); Childree v. UAP/GA AG Chem., Inc., 92 F.3d 1140, 1147 (11th Cir. 1996). Therefore, to the extent the Amended Complaint could be construed to assert a claim under § 1985, dismissal is warranted because Plaintiff has failed to allege that the conspiracy was motivated by a class-based animus.

Moreover, the Sixth Circuit has noted that, "[c]ourts have traditionally viewed conspiracy suits against public officials with suspicion and disfavor. Accordingly, pleading requirements governing civil conspiracies are relatively strict." Fisher v. City of Detroit, No. 92-1759, 1993 WL 344261 (6th Cir. Sept. 9, 1993). The complaint must "state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy." Id. (quoting Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir.), cert. denied. 434 U.S. 1077 (1977)). See also Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987)(holding that vague and conclusory allegations of conspiracy unsupported by material facts are insufficient to state a claim).

A civil conspiracy is "an agreement between two or more persons to injure another person by unlawful action." Moore v. City of Paducah, 890 F.2d 831, 834 (6th Cir. 1989). A plaintiff can establish the existence of a civil conspiracy by proving that "there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." Id. (quoting Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985)).

In this case, Plaintiff's Amended Complaint falls far short of what is required to state a claim of civil conspiracy. It contains only conclusory allegations that "Defendants" conspired

7

against her to silence her whistleblowing activities. These allegations, however, are not supported by any material facts. Plaintiff alleges no facts giving rise to an inference that there was any "meeting of the minds," or any express or implied agreement among the Defendants to accomplish a common objective. In fact, none of the Defendants named in the caption of the Amended Complaint, except the Franklin County Municipal Court, is even mentioned in the body of the Amended Complaint. The Amended Complaint does not identify when the alleged conspiracy was formed or what part each Defendant played in the alleged conspiracy. In short, Plaintiff's allegations of conspiracy are too vague and conclusory to withstand Defendants' motions to dismiss.

### b. RICO Civil Conspiracy

To the extent Plaintiff's Amended Complaint could also be construed to assert a RICO claim, again, Plaintiff has failed to state a claim upon which relief can be granted.[3] The RICO statute provides a private right of action for "any person injured in his business or property by reason of a violation of section 1962 of [RICO]." 18 U.S.C. § 1964(c). In this case, because Plaintiff has not alleged that she was injured in her "business or property," it is doubtful that she has a private right of action under RICO.

Furthermore, Plaintiff's Amended Complaint does not contain sufficient allegations of a violation of § 1962. She alleges that the Franklin County Municipal Court is "a corrupt

---

[3] On January 17, 2006, in response to an Order by Judge Smith, Plaintiff filed a RICO case statement. As Judge Smith has recently noted, the RICO order "is a discretionary administrative tool. It does not supplant the standards set forth in Fed. R. Civ. P. 8(a) and 9(b)." Dowling v. Select Portfolio Servicing, Inc., No. 2:05-cv-049, 2006 WL 571895, at *4 (S.D. Ohio March 7, 2006). Therefore, the Court need not consider Plaintiff's RICO case statement in determining the adequacy of the allegations contained in the Amended Complaint.

enterprise," and generally alleges that "Defendants" engaged in "ongoing RICO conspiracys [sic]" to silence her attempts to expose corruption in the Franklin County criminal justice system. Subsection (d) of § 1962 makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.[4] As the Sixth Circuit held in United States v. Sinito, 723 F.3d 1250, 1260 (6th Cir. 1983), in order to recover under 18 U.S.C. § 1962(d), a plaintiff must establish "the existence of an illicit agreement to violate the substantive RICO provision."

In this case, Plaintiff does not even identify which subsection of the statute Defendants allegedly conspired to violate, and the factual allegations contained in the Amended Complaint lend no help. Furthermore, as discussed in detail above, the Amended Complaint contains no material factual allegations from which it could be found that Defendants had an agreement to participate in a collective venture toward a common goal. Therefore, to the extent Plaintiff's Amended Complaint can be construed to assert a RICO claim of conspiracy under § 1962(d), the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

---

[4] Subsection (a) makes it "unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." Subsection (b) makes it "unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." Subsection (c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

**2.     Other Grounds For Dismissal**

Even if the Court were to find that Plaintiff's allegations of a civil conspiracy were sufficient to withstand Defendants' motions to dismiss, there are other reasons why dismissal of Plaintiff's claims against some Defendants is warranted. For example, neither the Franklin County Municipal Court nor the Franklin County Court of Common Pleas is an entity capable of being sued. See Malone v. Court of Common Pleas of Cuyahoga County, 45 Ohio St. 2d 245, 248, 344 N.E.2d 126 (Ohio 1976). Furthermore, because they were acting in the scope of their employment, all of the judges sued in their individual capacities are absolutely immune from suit, as is prosecutor O'Brien. See Stern v. Mascio, 262 F.3d 600, 606 (6th Cir. 2001); Imbler v. Pachtman, 424 U.S. 409, 428 (1975). In addition, the Eleventh Amendment bars Plaintiff's claims brought against Auditor of State Betty Montgomery in her official capacity.

For all of the reasons discussed above, the Court **GRANTS** Defendants' motions to dismiss the Amended Complaint. (Record at 54, 55, 57, 58, and 61).

**IV.     Motions for Injunctive Relief**

Plaintiff has also filed three motions for injunctive relief: (1) Plaintiff's "motion for temporary relief from further harm from Defendants – A Injunction" (Record at 15); (2) Plaintiff's motion for a temporary restraining order (Record at 16); and (3) Plaintiff's "second motion for instanter injunction and hearing demand." (Record at 32). These motions appear to center around a civil protection order, which Plaintiff claims unlawfully prohibits her from videotaping from within her house. She alleges that Defendants have failed to protect her from White Supremacist gang members, "paid government actors" who have targeted her and attempted to set her up for false arrest in retaliation for her whistleblowing activities. Plaintiff

further alleges that Defendants have threatened to arrest her, revoke her bail, and hold her in contempt of court if she violates the civil protection order. She seeks an order enjoining Defendants from violating her constitutional rights.

Factors to be considered in determining whether to grant a preliminary injunction or a temporary restraining order include: "(1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest." Yolton v. El Paso Tenn. Pipeline Co., 435 F.3d 571, 578 (6th Cir. 2006) (quoting Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, 274 F.3d 377, 400 (6th Cir. 2001)). No one factor is dispositive; the court must balance the equities. See Golden v. Kelsey-Hayes Co., 73 F.3d 648, 653 (6th Cir. 1996).

A plaintiff who fails to state a claim upon which relief can be granted cannot show a likelihood of success on the merits. See Fallis v. Ambach, 710 F.2d 49, 54 (2d Cir. 1983)("appellants did not demonstrate . . likelihood of success on the merits . . . in that they failed to state a claim upon which relief can be granted"); Austin v. United Auto Workers Int'l Union, No. 04-71915, 2004 WL 2112730, at *3 (E.D. Mich. June 4, 2004)(holding that because plaintiff failed to state a claim upon which relief can be granted, he had not shown likelihood of success on the merits). Because this Court has already found that Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff is unable to establish a likelihood of success on the merits.

In addition, the other three factors weigh against granting the requested injunctive relief. According to Defendants, since there are no criminal charges pending against Plaintiff, there is

11

no imminent threat that her bail will be revoked. To the extent Plaintiff argues that Defendants have threatened to arrest her and hold her in contempt of court if she fails to obey court orders, Defendants argue that there is no imminent threat. They further argue that there is no irreparable harm since Plaintiff can challenge the legality of the arrest and appeal the contempt order. Defendants further argue that any attempts by this Court to enjoin the state courts from exercising authority over Plaintiff as a litigant would violate public policy and encourage others to file suits for injunctive relief in federal court. Plaintiff has not responded to any of these arguments, all of which appear to have merit.

For the reasons set forth above, the Court **DENIES** Plaintiff's three pending motions for injunctive relief. (Record at 15, 16, and 32).

**V.     Summary**

Judge Julia Dorrian's motion to dismiss (Record at 6), Thomas Tyack's and James Tyack's motion to dismiss, and motion for a non-oral hearing on that motion (Record at 12 and 42), the Franklin County Court of Common Pleas Defendants' motion to dismiss (Record at 33), and Plaintiff's "second motion to amend complaint" (Record at 38) are all **DENIED AS MOOT**.

Because the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, the Court **GRANTS** Defendants' motions to dismiss the Amended Complaint (Record at 54, 55, 57, 58, and 61), and **DENIES** Plaintiff's motions for injunctive relief (Record at 15, 16, and 32).

**IT IS SO ORDERED.**

Date: May 8, 2006                             **/s/ John D. Holschuh**
                                                                          John D. Holschuh, Judge
                                                                          United States District Court